CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJM

JAN 19 2010

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNATHAN L. CRAIG, </br> Plaintiff, | Civil Action No. 7:09-cv-00521 |
| v. | **MEMORANDUM OPINION** |
| WARDEN BRYAN B. WATSON, et al., </br> Defendants. | By: Hon. Jackson L. Kiser </br> Senior United States District Judge |

Johnathan L. Craig, a Virginia prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Bryan Watson, Warden of the Wallens Ridge State Prison ("WARSP"), and Correctional Officer ("C/O") Fritz as the defendants. Plaintiff alleges he was not given a dinner meal and staff confiscated his property. After reviewing plaintiff's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Plaintiff alleges the following facts. While in segregation on October 11, 2009, C/O Fritz handed out dinner trays at each cell. Upon reaching plaintiff's cell, Fritz asked plaintiff if plaintiff still had his lunch tray inside his cell. Plaintiff said yes, and Fritz did not give plaintiff his tray but gave other prisoners their meals. Plaintiff kept the tray in his cell because it was missing items the previous feeding officer did not give him. Plaintiff did not get his dinner meal that day.

Fritz returned after a few minutes and took back plaintiff's lunch tray and the other inmates' dinner trays. Plaintiff asked Fritz where his dinner tray was, and Fritz told plaintiff that plaintiff would not get a dinner tray because plaintiff did not turn in his lunch tray. Plaintiff filed grievances, which Watson deemed founded without ordering any corrective action, and the

regional director affirmed Watson's decision. Plaintiff requests $25,000, Fritz's termination, and a transfer to another facility.

Plaintiff also seeks damages for the defendants damaging his color TV and losing his TV adapter. Upon his transfer from WARSP's general population to segregation, property officers packed his TV and placed it in storage. Two months later, WARSP staff released plaintiff back from segregation and returned plaintiff's TV and adapter. Plaintiff discovered his TV adapter was missing, asked the property officers to look for one, but the property officers could not find a loose adapter that fit his TV. Staff took plaintiff's property back to storage and later told plaintiff that the adapters they had did not operate his TV. Staff responded to plaintiff's subsequent grievance and told plaintiff to either drop the grievance about the adapter and order his own adapter or staff will confiscate his TV. Plaintiff refused to drop the complaint, and he also filed a grievance regarding this "blackmail." Staff subsequently confiscated his TV, alleging that it was "altered." Plaintiff requests $210 or a new TV and adapter.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above

the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's denial of a single meal on one occasion fails to state a constitutional claim for relief. See Rodriguez v. Briley, 403 F.3d 952, 952 (7th Cir. 2005) (holding a prisoner's refusal to conform to prison rules resulting in a loss of meals does not reach the level of a constitutional violation because in essence, the prisoner, "punished himself"); Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (holding that a prisoner missing a meal is not cruel and unusual punishment). Plaintiff does not allege that he suffered any injury, de minimis or otherwise, from having missed a meal. The Eighth Amendment establishes "only qualified standards of protection for prisoners and pretrial detainees against 'cruel and unusual punishment . . . .'"

Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). Thus, while the Constitution protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief because he has been exposed to uncomfortable, restrictive or inconvenient conditions of confinement. See Henderson v. Virginia, 2007 U.S. Dist. LEXIS 70207 at *26, 2007 WL 2781722, (W.D. Va. Sept. 21, 2007) (unpublished). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Similarly, a plaintiff is not entitled to any relief on this claim if he fails to allege any facts to suggest that he was exposed to an unreasonable risk of harm by virtue of the defendant's conduct. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). Plaintiff does not allege any such risk of harm on the basis of merely missing a single meal.

To the extent that plaintiff challenges the loss of his TV and adapter, his allegations are similarly deficient. The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation if the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 545 (1981) overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). Plaintiff can use the Virginia Tort Claims Act, Va. Code 8.01-195.1 et seq., as means to seek compensation for his property.[1] See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985); Ballance v. Young, 130 F. Supp. 2d 762, 767 (W.D. Va. 2000). Accordingly, the alleged deprivation of plaintiff's personal property does not rise to the level of a constitutional violation because plaintiff has adequate state

---

[1] Plaintiff also has an available, adequate post-deprivation state remedy via the inmate grievance process.

4

remedies.

III.

For the foregoing reasons, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 9th day of January, 2010.

                                             Senior United States District Judge